**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>DAVID CHANG,<br><br>Defendant. | **C.A. No. 03-482-T** |

**PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") hereby moves for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005, Order compelling the production of documents.

As explained in the accompanying Memorandum of Law and Declaration of Sneha Desai, Chang has flagrantly and materially failed to comply with that Order, and has consistently ignored his court-ordered obligations to provide complete discovery in this case without excuse or justification. Accordingly, Hasbro requests an order that a default judgment be entered against Chang for failure to comply with the Court's May 5, 2005, Order, or, at the very least, an order dismissing Chang's counterclaims and imposing reasonable costs, including attorneys'

fees, associated with bringing this motion.

Dated: August 18, 2005

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2005, a copy of the within Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - DAVID CHANG, Defendant. | C.A. No. 03-482-T |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this memorandum of law in support of its motion for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005, Order compelling the production of documents.

**Preliminary Statement**

Simply put, Chang has had over eight months to comply with his discovery obligations and has obstructed Hasbro every step of the way. Now, he is blatantly thumbing his nose at a Court-ordered deadline. Serious consequences are appropriate for a defendant who has exhibited such an utter disregard for his obligations to provide discovery in a case. Such consequences are even more appropriate given that Chang has asserted affirmative defenses and counterclaims against Hasbro. A party should not be allowed prosecute claims against another, yet fail to provide complete and thorough responses to discovery requests.

## Statement of Facts

Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents and Things were served on Chang on December 23, 2004. The responses were due on or before January 25, 2005. Chang failed to provide any responses prior to the deadline. Counsel for Hasbro, Sneha Desai, called Chang on January 28, 2005, to inquire about when the responses would be forthcoming. Hasbro agreed to extend the date upon which responses to the discovery requests would be due to February 18, 2005. Declaration of Sneha Desai ("Desai Decl.") ¶¶ 2-3.

Nevertheless, Chang failed to provide any responses on or before February 18, 2005, and did not request any further extensions. Even after Hasbro allowed him additional time to respond to the Discovery Requests, Chang did not respond. Id. ¶ 4.

Hasbro therefore made a motion to compel on April 13, 2005, which the Court granted in part on May 5, 2005. That Order specifically contemplated default as a penalty for failure to comply. The May 5, 2005, order required Chang to respond to Hasbro's discovery requests by May 17, 2005. On May 12, 2005, Chang produced certain documents via e-mail to Hasbro. It was apparent by the nature of the documents he produced that he failed to provide all responsive documents to Hasbro's document requests. In subsequent communications with Chang, Hasbro spelled out in clear, simple terms the types of documents Hasbro was looking for, and even sent him a detailed letter on May 16, 2005, delineating the various documents that would be responsive to each request. That letter specifically listed as responsive "All documents regarding the sale of GHETTOPOLY, including shipping documents, purchase orders, and invoices." In addition, that letter made it clear that e-mails were within the universe of documents that Hasbro

had requested. Chang also specifically agreed at this time to produce corporate tax returns. Id. ¶¶ 5-6.

Although Chang produced a few more documents subsequent to the May 16, 2005 letter, he stated on June 10, 2005 that "All the document you have requested has been given to you, any document that you are asking for but did not receive is because I do not have them in my procession or are lost [*sic*]." He never produced the corporate tax returns. Id. ¶ 7.

At his deposition on August 5, 2005, it became apparent that Chang possessed many more responsive documents, including weekly invoices from his fulfillment houses and e-mails from customers and the media, that he never searched for or produced to Hasbro, and that he never even told Hasbro existed. Id. ¶ 8.

When asked why he did not produce these documents to Hasbro earlier, he simply stated that he thought it was sufficient to provide Hasbro with his total sales figure, that Hasbro had subpoenaed his fulfillment houses so Hasbro should just get that information from them, and that it was just a lot to print out. (Tr. 62-67). He admitted that he was well-aware that Hasbro wanted his corporate tax returns but he simply decided not to produce them because he thought what he gave to Hasbro – which was simply an interrogatory answer about how many total games he sold – was sufficient. (Tr. at 71-73). Never once in his prior responses to Hasbro's discovery requests did he object to any of the requests as burdensome or overbroad. Quite the opposite, he specifically said that he turned over everything he had. Id. ¶¶ 9-10.

Regarding e-mails, he had earlier represented to counsel for Hasbro that "customercare@ghettopoly.com" was the only e-mail address to which customers and others sent him business e-mails. Hasbro discovered at Chang's deposition that three other e-mail addresses exist and that he never fully searched those e-mails in response to Hasbro's document

requests. Again, his stated reason at the deposition was that it was too burdensome, but he never objected on those grounds or even informed Hasbro that these e-mail addresses existed prior to the deposition. Id. ¶ 11.

At his deposition on August 5, Chang agreed on the record to produce additional documents, such as the weekly invoices and the corporate tax returns and to go back and search through his other e-mail accounts for responsive documents. Hasbro sent a confirming letter to him the next week, and reminded him that the deadline for close of discovery is August 19, 2005. He sent Hasbro an e-mail on August 15, 2005 that he was not going to produce the documents by August 19 because he was "busy," notwithstanding his testimony that he has no employment other than with Ghettopoly. Id. ¶ 12 & Exh. A.

Hasbro replied the same day that August 19 was a Court-ordered deadline, that Hasbro was not in a position to extend it, that Chang has already had over 8 months to produce all of his documents, and that Hasbro would seek further relief from the Court if he did not produce documents by August 19. Chang sent a response, also the same day, stating [*sic*]:

> not acceptable????????????? go get your relief then.. You don't understand busy?? Were you not at the deposition? The additional info I am submitting to you such as fulfillment invoices and going through my private email accounts were some of the thing not clearly stated in the document request, at least to me. I have a prior engagement this week and will be busy. Id. ¶ 13 & Exh. A.

In addition, Hasbro took the deposition of Adam Geyer, the artist who designed the Ghettopoly logo and gameboard, on August 9, 2005. Geyer testified that he gave to Chang his handwritten notes and sketches regarding the game. Hasbro's document requests to Chang specifically called for any documents relating to the design of the game. This was spelled out to Chang in Hasbro's May 16 letter. Yet, despite testifying that he never threw any documents out, Chang has inexplicably not produced these documents he received from Geyer. Id. ¶ 14.

Because of Chang's deliberate and intentional failures in the past to comply with both agreed-upon and Court-ordered deadlines, Hasbro cannot continue to give Chang more time to produce documents that are not only clearly responsive to Hasbro's discovery demands, but that Chang also deliberately withheld from Hasbro simply based on his whim. Hasbro also cannot be confident that Chang has conducted thorough searches for responsive documents, and has produced all responsive documents that are in his possession, custody or control. In fact, Hasbro has every reason to believe that Chang is continuing to withhold responsive documents from Hasbro. Id. ¶ 15.

## Argument

Chang has no legitimate excuse for his failure to produce all responsive documents, in light of the Court's May 5, 2005, order. He has been indulged by Hasbro because he is *pro se*,[1] but enough is enough. No reasonable person could fail to appreciate that these documents, such as the sales invoices and e-mails from customers, are responsive.

Indeed, Chang had every reason to know that the withheld documents were responsive because Hasbro specifically relayed to him in both conversations and in correspondence that it was seeking these documents. Yet he withheld them without informing Hasbro that they existed until his deposition, which was a mere two weeks prior to the close of discovery. Chang even testified that he was well-aware that Hasbro wanted his corporate tax returns, but he simply decided not to produce them. (Tr. at 71-73). This is inexcusable in light of the fact that Chang *has not produced a single document* that shows how much money he made from his game or even how many games he sold.

---

[1] Although Chang is appearing *pro se*, he stated at his deposition (Tr. at 10-13) that he has been consulting with and has paid a lawyer.

Chang's failure to produce these documents is compounded by his affirmative misrepresentation about the very existence of these documents. He specifically stated in an e-mail to Hasbro that he had produced all responsive documents in his possession, while being fully aware that these other documents existed. Had Hasbro not pressed Chang at his deposition two months later, to this day Hasbro would not be aware that these documents existed. To add insult to injury, Chang has evidenced his complete and total disregard for this Court with his latest e-mail, in which he states that he will not produce documents by the Court-ordered August 19 deadline because he is "busy."[2] Desai Decl. ¶ 12 & Exh. A.

The remedy of default that the Court envisioned in its May 5, 2005, order is completely appropriate in this situation. *See Estates of Ungar and Ungar ex rel. Strachman v. Palestinian Authority*, 325 F. Supp. 2d 15, 61 (D.R.I. 2004) ("Fed.R.Civ.P. 37(b)(2)(C) specifically recognizes that the entry of judgment by default is among the sanctions available to the court. Utilization of this sanction for failure to comply with a discovery order is within the sound discretion of the district court.").

Chang has consistently impeded Hasbro's requests for documents relevant to both Hasbro's claims and Chang's own counterclaims. Chang has lied about the existence of certain documents, and does not make any efforts to conduct thorough searches for documents until he is forced to by either Hasbro or the Court. Such a waste of both plaintiff's and the Court's resources should not be tolerated. Neither Hasbro nor the Court can have any confidence that Chang is taking his discovery obligations seriously, and the remedy of default is not too harsh given these facts. *See Guex v. Allmerica Financial Life Ins.*, 146 F.3d 40 (1st Cir. 1998)

---

2 Chang's statement in this regard is not an anomaly. He also stated at his deposition that he intended to ignore a default judgment entered against him in a Canadian trademark infringement action brought by Hasbro. (Tr. at 238). Chang clearly has no respect for the judicial system and cannot be trusted to fulfill his obligations on his own accord.

(affirming dismissal of complaint based on plaintiff's "troubling lack of respect for the judicial process" and persistent failure to comply with discovery orders).

If the remedy of default is not considered appropriate, Hasbro respectfully requests as an alternative that Chang's counterclaims be dismissed. Chang should not be permitted to prosecute claims against Hasbro while simultaneously thwarting discovery into his own defenses and counterclaims. Indeed, one of Chang's main defenses is that he intended to create a parody of the MONOPOLY® game when he created Ghettopoly. Yet, documents and sketches he received from the artist who designed the game – and presumably would have been aware of Chang's intent to create a parody – have not been produced, despite testimony from the artist that he gave these documents to Chang. Such a failure to produce these documents – or explain what happened to them – severely limits Hasbro's ability to proceed in this litigation.

**Conclusion**

For the reasons stated above, Chang should be adjudged in contempt for his unexplained and inexcusable refusal to comply with his discovery obligations, notwithstanding Hasbro's good faith efforts at resolving this matter without court action. The default judgment contemplated in

the Court's prior order should be awarded, together with an award of costs and fees associated with this motion pursuant to Fed. R. Civ. P. Rule 37(a)(4)(A).

Dated: August 18, 2005

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August 2005, a copy of the within Memorandum of Law in Support of Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

Kathleen A. Moone[y]