**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC., | C.A. No. 03-482-T |
| Plaintiff, | |
| - against - | **DECLARATION OF SNEHA DESAI IN SUPPORT OF PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT** |
| DAVID CHANG, | |
| Defendant. | |

SNEHA DESAI, under penalty of perjury, declares as follows:

1. I am associated with the firm of Patterson, Belknap, Webb & Tyler LLP, attorneys for plaintiff Hasbro, Inc. ("Hasbro"). I submit this declaration based on personal knowledge in support of Hasbro's motion for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005 Order compelling the production of documents.

2. Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents and Things were served on Chang on December 23, 2004. The responses were due on or before January 25, 2005.

3. Chang failed to provide any responses prior to the deadline. Therefore, I called him on January 28, 2005 to inquire about when the responses would be forthcoming. I agreed to extend the date upon which responses to the discovery requests would be due to February 18, 2005.

4. Nevertheless, Chang failed to provide any responses on or before February 18, 2005, and did not request any further extensions. Even after Hasbro allowed him additional time to respond to the discovery requests, Chang did not respond.

5. Hasbro made a motion to compel on April 13, 2005, which the Court granted in part on May 5, 2005. That order specifically contemplated default as a penalty for failure to comply.

6. The May 5, 2005, order required Chang to respond to Hasbro's discovery requests by May 17, 2005. On May 12, 2005, Chang produced certain documents via e-mail to me. It was apparent by the nature of the documents he produced that he failed to provide all responsive documents to Hasbro's document requests. In subsequent communications with Chang, I spelled out in clear, simple terms the types of documents Hasbro was looking for, and even sent him a detailed letter on May 16, 2005, delineating the various documents that would be responsive to each request. That letter specifically listed as responsive "All documents regarding the sale of GHETTOPOLY, including shipping documents, purchase orders, and invoices." In addition, that letter made it clear that e-mails were within the universe of documents that Hasbro had requested. Chang also specifically agreed around this time to produce corporate tax returns.

7. Although Chang produced a few more documents subsequent to my May 16, 2005 letter, he stated on June 10, 2005, that "All the document you have requested has been given to you, any document that you are asking for but did not receive is because I do not have them in my procession or are lost [*sic*]." He never produced the corporate tax returns.

8. At the deposition of Chang on August 5, 2005, it became apparent that Chang possessed many more responsive documents, including weekly invoices from his fulfillment

houses and e-mails from customers and the media, that he never searched for or produced to Hasbro, and that he never even told Hasbro existed.

9. When asked why he did not produce these documents to Hasbro earlier, he simply stated that he thought it was sufficient to simply provide us with his total sales figure, that Hasbro had subpoenaed his fulfillment houses so Hasbro should just get that information from them, and that it was just a lot to print out. He admitted that he was well-aware that Hasbro wanted his corporate tax returns but he simply decided not to produce them because he thought what he gave to Hasbro – which was simply an interrogatory answer about how many total games he sold – was sufficient.

10. However, never once in his prior responses to Hasbro's discovery requests did he object to any of the requests as burdensome or overbroad. Quite the opposite, he specifically said that he turned over everything he had.

11. Regarding e-mails, he had earlier represented to me that "customercare@ghettopoly.com" was the only e-mail address to which customers and others sent him business e-mails. I found out at his deposition that three other e-mail addresses exist and that he never fully searched those e-mails in response to Hasbro's document requests. Again, his stated reason at the deposition was that it was too burdensome, but he never objected on those grounds or even informed Hasbro that these e-mail addresses may contain responsive information prior to the deposition.

12. At his deposition on August 5, Chang agreed on the record to produce additional documents, such as the weekly invoices and the corporate tax returns and to go back and search through his other e-mail accounts for responsive documents. I sent a confirming letter to him the next week, and reminded him that the deadline for close of discovery is August 19, 2005. He

sent me an e-mail on August 15, 2005, that he was not going to produce the documents by August 19 because he was "busy," notwithstanding his testimony that he has no employment other than with Ghettopoly.

13. I replied the same day that August 19 was a Court-ordered deadline, that I was not in a position to extend it, that he has already had over 8 months to produce all of his documents, and that Hasbro would seek further relief from the Court if he did not produce documents by August 19. He sent a response (attached hereto as Exhibit A), also the same day, stating [*sic*]:

> not acceptable????????????? go get your relief then.. You don't understand busy?? Were you not at the deposition? The additional info I am submitting to you such as fulfillment invoices and going through my private email accounts were some of the thing not clearly stated in the document request, at least to me. I have a prior engagement this week and will be busy..

14. In addition, Hasbro took the deposition of Adam Geyer, the artist who designed the Ghettopoly logo and gameboard, on August 9, 2005. Geyer testified that he gave to Chang his handwritten notes and sketches regarding the game. Hasbro's document requests to Chang specifically called for any documents relating to the design of the game. This was spelled out to Chang in Hasbro's May 16 letter. Yet, despite testifying that he never threw any documents out, Chang has inexplicably not produced these documents he received from Geyer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2005, in New York, New York.

SNEHA DESAI

**Desai, Sneha (x2077)**

**From:** David Chang [ghettopoly@sbcglobal.net]
**Sent:** Monday, August 15, 2005 3:32 PM
**To:** Desai, Sneha (x2077)
**Subject:** RE: Hasbro v. Chang

not acceptable????????????? go get your relief then.. You don't understand busy?? Were you not at the deposition? The additional info I am submitting to you such as fulfillment invoices and going through my private email accounts were some of the thing not clearly stated in the document request, at least to me. I have a prior engagement this week and will be busy..

> David:
>
> That is not acceptable. Hasbro served document requests on you at the end of December 2004. It is now almost 8 months later. These are documents you knew were responsive but simply decided to not produce. The Court has ordered all discovery to be completed by August 19, and I cannot extend that deadline. Please produce those responsive documents by August 19 or we will seek further relief from the Court.
>
> Sincerely,
>
> Sneha Desai
>
> -----Original Message-----
> From: david chang [mailto:ghettopoly@gmail.com]
> Sent: Monday, August 15, 2005 6:46 AM
> To: Desai, Sneha (x2077)
> Subject: Re: Hasbro v. Chang
>
> It's going to take me a little more time for me to locate the rest of the documents togther.. It will take some time to go through the emails. I will be busy this week. I should be able to gather the document around aug 24
>
> On 8/12/05, Desai, Sneha (x2077) wrote:
> > Please see the attached letter.
> >
> > Sneha Desai, Esq.
> > Patterson, Belknap, Webb & Tyler LLP
> > 1133 Avenue of the Americas
> > New York, NY 10036
> > Direct Phone: (212) 336-2077
> > Direct Fax: (212) 336-7897
> > sdesai@pbwt.com
> > <>
> >
> > ----------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2005, a copy of the within Declaration of Sneha Desai in Support of Plaintiff's Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

*342645_1.doc*