UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>- against -<br>DAVID CHANG,<br>Defendant. | C.A. No. 03-482-T |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this supplemental memorandum of law in support of its motion for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005, Order compelling the production of documents.

**Preliminary Statement**

On August 19, 2005, Hasbro filed a motion to adjudge Chang in contempt because of his repeated failures to fulfill his discovery obligations in this case. At the time Hasbro filed its motion, Chang purposely refused to produce outstanding documents – which were always in his possession but he simply decided not to produce – by the Court-ordered discovery cutoff of August 19. Although he has since produced some documents, he has failed to produce others that he specifically agreed he would provide and has not explained why certain other documents have not been produced. Chang's blatant noncompliance with his obligations for the past eight months is prejudicial to Hasbro's ability to prepare its case, as well as to defend against Chang's

counterclaim. His last-minute, failed attempt at compliance – which occurred over one week after the discovery cut-off – does not excuse his obvious dereliction.

**Statement of Facts**

As stated in Hasbro's opening memorandum, Chang has failed – for over eight months – to respond adequately to Hasbro's discovery requests. After Hasbro initially served its discovery requests on Chang in December 2003, Chang missed two agreed-upon deadlines for producing documents. When he finally produced documents – in response to a Court order – those documents comprised only a fraction of the documents Hasbro requested and to which Hasbro is entitled. At Chang's deposition on August 5, 2005, it became abundantly clear that Chang was withholding many, many documents responsive to Hasbro's requests that he simply decided not to produce earlier. Although Chang agreed at his deposition to produce certain documents, he inexplicably refused to do so by the Court-ordered discovery cut-off of August 19, 2005, claiming he was too "busy." Chang's actions led Hasbro to file a motion to adjudge Chang in contempt on August 19. Supplemental Declaration of Sneha Desai ("Desai Supp. Decl.") ¶ 2.

On Monday, August 29, 2005, Hasbro received additional documents from Chang. These documents, a stack measuring about two inches high that barely filled half of one redweld, consist mostly of some additional e-mails/letters from consumers and the media, some scattered invoices from some of his fulfillment houses and manufacturers, and sketches of the game. These documents do not contain corporate tax returns or other financial information sufficient to show how much money Chang has made to date from the sale of Ghettopoly. Id. ¶ 3.

The invoices Chang produced from some of his fulfillment houses – the only evidence other than Chang's say-so of how many games he sold – are woefully incomplete. Chang testified that he received weekly documents from his fulfillment houses showing how many

games he sold. (Chang Tr. at 95-98). However, it is clear that entire weeks and months are missing. Chang has produced virtually no documents to show how many games he sold prior to March 2004. Chang has offered no explanation why these documents were not produced, or how and when they were destroyed. In addition, Chang used a third fulfillment house from which no documents were produced. Id. ¶ 4.

Although Chang produced sketches of his game, he did not produce – or explain the nonproduction of – notes that Adam Geyer, the artist Chang hired to design the game, testified he took while he was doing the artwork and may have given to Chang. Id. ¶ 5.

## Argument

Chang continues to ignore his clear discovery obligations in this case. Despite being directed by the Court to produce all responsive documents, Chang has failed to comply. First, Chang refused to produce documents prior to the discovery cut-off because he said he was too "busy" and the documents were too voluminous to produce (he stated in his deposition that there were 50,000 pages of documents). See Declaration of Sneha Desai, ¶ 9 & 13; Chang Tr. at 71-73. However, when he finally produced documents, they barely filled half of one redweld. Desai Supp. Decl. ¶ 3. Chang's representation to Hasbro about the quantity of documents that he would produce leads to one of two conclusions: either he still has many more documents in his possession that he has not produced, or he blatantly lied to Hasbro about why he could not produce the documents by the deadline. The absence of pre-2004 records suggests the former, but his contempt is manifest in either event.

Although Chang did produce some additional documents a week after the Court-ordered discovery cut-off, those documents are incomplete and come with no explanation of why a full production was not made. Chang did not produce any corporate tax returns, despite explicitly

agreeing to do so on the record at his deposition. (Chang Tr. at 73-74) He produced some invoices from two of his fulfillment houses that show the number of games he sold, but it is clear that he did not produce all such documents. For example, although the height of his sales occurred in October 2003 through the end of December 2003 (Chang Tr. at 214-19), he has produced virtually no contemporaneous documents from that time period that would show the number of games he sold or his profits.

The documents he did produce are not complete (*i.e.*, certain weeks/months are clearly missing) and Chang has offered no explanation why these documents were not produced. In addition, Chang used a third fulfillment house from which no documents were produced. It is obvious that Chang is simply ignoring Hasbro's legitimate requests for important information related to Chang's profits from the sale of his Ghettopoly game. Without this information, Hasbro cannot assess critically Chang's bare assertion of having produced and sold 62,000 games and Hasbro will be prejudiced when it tries to prove its damages at trial.

Finally, although Chang produced sketches of his game, he has not produced – or explained the nonproduction of – notes that Adam Geyer, the artist Chang hired to design the game, said he took while he was doing the artwork. Even if Chang no longer has these notes, Hasbro is entitled to know when they were destroyed. Geyer has testified that he doesn't have the notes, and that he may have given them to Chang. (Geyer Tr. at 14-15). Since Geyer is the only other witness other than Chang who was involved in the design of the game, this potential evidence is crucial to Hasbro's response to Chang's argument that his game is a parody of the MONOPOLY® game.

It is clear that Chang does not make reasonable efforts to comply with his discovery obligations until forced to do so by Hasbro or this Court. Even then, neither Hasbro nor the

Court can have any confidence that Chang will fully comply with court orders. Therefore, the remedy of default that the Court envisioned in its May 5, 2005, order is completely appropriate. *See Estates of Ungar and Ungar ex rel. Strachman v. Palestinian Authority*, 325 F. Supp. 2d 15, 61 (D.R.I. 2004) ("Fed.R.Civ.P. 37(b)(2)(C) specifically recognizes that the entry of judgment by default is among the sanctions available to the court. Utilization of this sanction for failure to comply with a discovery order is within the sound discretion of the district court.").

**Conclusion**

For the reasons stated above and in Hasbro's opening papers, Chang should be adjudged in contempt for his unexplained and inexcusable refusal to fully comply with his discovery obligations. The default judgment contemplated in the Court's prior order should be awarded, together with an award of costs and fees associated with this motion pursuant to Fed. R. Civ. P. Rule 37(a)(4)(A).

Dated: September 8, 2005

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September 2005, a copy of the within Supplemental Memorandum of Law in Support of Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

Kathleen A. Mooney