**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC., | **C.A. No. 03-482-T** |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF SNEHA DESAI IN SUPPORT OF PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT** |
| - against - | |
| DAVID CHANG, | |
| Defendant. | |

SNEHA DESAI, under penalty of perjury, declares as follows:

1. I am associated with the firm of Patterson, Belknap, Webb & Tyler LLP, attorneys for plaintiff Hasbro, Inc. ("Hasbro"). I submit this supplemental declaration based on personal knowledge in support of Hasbro's motion for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005 Order compelling the production of documents.

2. As stated in my prior declaration dated August 17, 2005, Chang has failed – for over eight months – to adequately respond to Hasbro's discovery requests. After Hasbro initially served its discovery requests on Chang in December 2003, Chang missed two agreed-upon deadlines for producing documents. When he finally produced documents – in response to a Court order – those documents comprised only a fraction of the documents Hasbro requested and to which Hasbro is entitled. At Chang's deposition on August 5, 2005, it became abundantly clear that Chang was withholding many, many documents responsive to Hasbro's requests that

he simply decided not to produce earlier. Although Chang agreed at his deposition to produce certain documents, he inexplicably refused to do so by the Court-ordered discovery cut-off of August 19, 2005, claiming he was too "busy". Chang's actions led Hasbro to file a motion to adjudge Chang in contempt on August 19.

3. On Monday, August 29, 2005, Hasbro received additional documents from Chang. These documents, which came in a stack measuring about two inches high and barely filled half of one redweld, consisted mostly of additional e-mails/letters from consumers and the media, some scattered invoices from some of his fulfillment houses and manufacturers, and sketches of the game. These documents did not contain corporate tax returns or other financial information sufficient to show how much money Chang has made to date from the sale of Ghettopoly.

4. The invoices Chang produced from some of his fulfillment houses are woefully incomplete. Chang testified that he received weekly documents from his fulfillment houses showing how many games he sold. However, it is clear that entire weeks and months are missing. Chang produced virtually no documents to show how many games he sold prior to March 2004. He has offered no explanation why these documents were not produced, or how and when they were destroyed. In addition, Chang used a third fulfillment house from which no documents were produced.

5. Although Chang produced sketches of his game, he did not produce – or explain the nonproduction of – notes that Adam Geyer, the artist Chang hired to design the game, testified he took while he was doing the artwork and may have given to Chang.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2005, in New York, New York.

SNEHA DESAI

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September 2005, a copy of the within Supplemental Declaration of Sneha Desai in Support of Plaintiff's Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

Kathleen A. Mooney

*344696_1.doc*