UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>- against -<br>DAVID CHANG,<br>Defendant. | C.A. No. 03-482-T |

**SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ADJUDGE DEFENDANT DAVID CHANG IN CONTEMPT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this second supplemental memorandum of law in support of its motion for an order adjudging Defendant David Chang ("Chang") in contempt for failing to comply with the Court's May 5, 2005 Order compelling the production of documents.

**Preliminary Statement**

Chang's track record regarding compliance with discovery and pre-trial filing obligations in this case is abysmal, to put it mildly. Chang's blatant noncompliance with his discovery obligations has already put Hasbro to the time and expense of filing a motion for contempt. Hasbro files these additional supplemental papers to alert the Court that Chang has completely failed to file a Pretrial Memorandum, which was due on October 18, 2005, and has thus waived ***all*** of his claims and defenses in this case. As such, a default judgment is appropriate.

**Statement of Facts**

As stated in Hasbro's opening and supplemental papers, Chang has failed – for over ten months now – to adequately respond to Hasbro's discovery requests. Chang's actions led Hasbro to file a motion to adjudge Chang in contempt on August 19, 2005, and file supplemental papers on September 8, 2005. Second Supplemental Declaration of Sneha Desai ("Desai 2d Supp. Decl.") ¶ 3.

The Court held a hearing on Hasbro's motion for contempt on October 7, 2005. Chang appeared, but did not provide any legitimate explanation as to why he had not complied with his discovery obligations. Even after the hearing was over, Chang did not provide any of the outstanding documents to which Hasbro is entitled, or provide an explanation for their non-production. Id. ¶ 4.

The pretrial order in this case provides that each party file a Pretrial Memorandum 60 days after the Closure Date, which was August 19, 2005. It further provides that: "Any claims, defenses and/or arguments not included in the Pretrial Memorandum shall be deemed waived whether or not they are contained in the pleadings." Hasbro filed its Pretrial Memorandum on October 18, 2005, in compliance with the pretrial order. Chang has failed to file his Pretrial Memorandum. Id. ¶ 5.

**Argument**

As described in Hasbro's prior papers, Chang has ignored his discovery obligations in this case, despite clear direction from the Court and despite being given second and even third chances. In addition to that egregious behavior, Chang has now completely failed to file a Pretrial Memorandum as required by the pretrial order.[1]

[1] Chang cannot claim that he was not aware of the deadlines in the pretrial order because he was present at the pretrial conference on December 6, 2004 in which the deadlines were set.

The Pretrial Memorandum is essential to provide both Hasbro and the Court with a clear articulation of Chang's proposed claims, defenses, and arguments at trial. Without it, Hasbro cannot adequately prepare for trial. Chang's willful failure to file this Pretrial Memorandum, and to participate in the pre-trial process generally, is further grounds for the entry of a default against him. "Litigants must act punctually and not casually or indifferently if a judicial system is to function effectively." McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (affirming lower court's denial of motion to lift default, which had been granted against defendants who failed to answer complaint); see, e.g., Conetta v. National Hair Care Centers, Inc., 186 F.R.D. 262, 269 (D.R.I. 1999) (stating that a party who "misplaced papers" and "negligently ignored filing deadlines" cannot show good cause necessary to vacate default).

Failure to file a Pretrial Memorandum is the latest in Chang's string of unjustifiable actions, which are fully described in Hasbro's prior papers submitted in support of its motion for contempt. Hasbro respectfully submits that if there was any doubt left in the Court's mind about the appropriate remedy for Chang's contempt of the Court's discovery order, Chang's failure to file a Pretrial Memorandum should be the proverbial straw that breaks the camel's back. Chang's purposeful and deliberate failures to comply with his various obligations as a defendant in this lawsuit makes this is an appropriate case for default.[2] See, e.g., General Contracting & Trading Co., LLC v. Interpole, Inc., 899 F.2d 109, 112 (1st Cir. 1990) (affirming grant of default, which was due to defendant's "self-inflicted wounds" of, *inter alia*, failing to answer); Estates of Ungar and Ungar ex rel. Strachman v. Palestinian Authority, 325 F. Supp. 2d 15, 61

[2] As stated in Hasbro's prior papers, Chang's *pro se* status cannot shield him from a default. The Court already has given him second and third chances by allowing him to file an answer after Hasbro moved for a default due to his initial failure to answer, and by allowing him ample time to comply with Hasbro's discovery requests. Chang is a college graduate and businessman who is fully aware of this lawsuit and of his obligations. He has simply chosen to ignore them (just as he has said he intends to ignore the Canadian default judgment). He also has had plenty of time to retain counsel and has simply chosen not to do so. That is his prerogative, but should not be taken as a factor in

(D.R.I. 2004) ("Fed.R.Civ.P. 37(b)(2)(C) specifically recognizes that the entry of judgment by default is among the sanctions available to the court. Utilization of this sanction for failure to comply with a discovery order is within the sound discretion of the district court."); Hewlett-Packard Puerto Rico v. Thomas Indus., Inc., 174 F.R.D. 6, 8 (D.P.R. 1997) (denying defendant's motion to vacate default and stating that "[defendant's] repeated failures to defend itself and [defendant's] inability to explain its silence demonstrates its lack of good faith").

In addition, the pretrial order itself makes clear that the main consequence of Chang's failure to file a Pretrial Memorandum is the waiver of all of Chang's claims and defenses. Now that all of Chang's claims and defenses have been waived, there are no issues left for trial. As such, a default judgment is entirely appropriate in this situation in which Hasbro will inevitably prevail as a matter of law.

## Conclusion

For the reasons stated above and in Hasbro's opening and supplemental papers, Chang should be adjudged in contempt for his willful and inexcusable refusal to fully comply with his discovery and pre-trial obligations, including his complete failure to file a Pretrial Memorandum. The default judgment contemplated in the Court's prior order should be awarded, together with an award of costs and fees associated with this motion pursuant to Fed. R. Civ. P. Rule 37(a)(4)(A).

---

his favor. Indeed, despite being technically *pro se*, Chang testified that he consults with an attorney in New York who is available to answer any of his questions. (Chang Tr. 11-14)

Dated: October 28, 2005

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October 2005, a copy of the within Second Supplemental Memorandum of Law in Support of Motion to Adjudge Defendant David Chang in Contempt was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

Kathleen A. Mooney



1226397v2