**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - DAVID CHANG, Defendant. | C.A. No. 03-482-T |

**PLAINTIFF'S MOTION**
**TO AMEND THE JUDGMENT TO PROVIDE**
**FOR AN INJUNCTION AND MONETARY RELIEF**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. hereby moves to amend the judgment in the above-captioned matter to provide for an injunction and monetary relief. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Dated: March 7, 2006

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March 2006, a copy of the within Plaintiff's Motion to Amend the Judgment was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

HASBRO, INC.,

Plaintiff,

- against -

DAVID CHANG,

Defendant.

**C.A. No. 03-482-T**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO PROVIDE FOR AN INJUNCTION AND MONETARY RELIEF

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this memorandum of law in support of its motion to amend the judgment in the above-captioned matter to provide for an injunction and monetary relief.

## PRELIMINARY STATEMENT

Hasbro files this motion as a cautionary measure to ensure that the relief it seeks – and to which it is entitled based on the default judgment entered against Defendant David Chang – is appropriately captured in the Judgment entered by this Court on February 21, 2006. For its trademark and copyright infringement claims, Hasbro sought both permanent injunctive relief and money damages against Chang, neither of which is specifically reflected in the Judgment. Hasbro respectfully asks this Court to amend the Judgment to include both a permanent injunction and an award of $400,000, which is the amount of profits from his infringing game to which Chang has admitted.

## STATEMENT OF FACTS

Hasbro sued Chang in October 2003 for trademark infringement, copyright infringement, trademark dilution and tarnishment, and unfair competition based on Chang's manufacture and sale of his GHETTOPOLY game, an offensive and racist knock-off of Hasbro's popular MONOPOLY® property trading estate game. In its Complaint, Hasbro sought:

(1) A permanent injunction against Chang from manufacturing, reproducing, distributing, advertising, selling, or displaying the GHETTOPOLY game, any other products that use or display the GHETTOPOLY name or logo, and/or ghettopoly.com brand name and/or domain name, or any other product using a design or name likely to cause confusion as to source or origin with Hasbro's MONOPOLY® property trading game, including but not limited to the names Redneckopoly, Hiphopopoly, Hoodopoly, Thugopoly and Latinopoly; and

(2) An award to Hasbro, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117(a) and the common law, of Chang's profits, Hasbro's damages, and the costs of the action, in an amount to be determined by the trier of fact at trial. In its pre-trial memorandum, Hasbro specified damages of at least $400,000.00. This is the amount that Chang himself testified were his minimum total profits from the sale of GHETTOPOLY, and is a very conservative calculation of damages from Hasbro's perspective.[1]

After the close of discovery, this Court granted Hasbro's motion for contempt against Chang for his failure to comply with his discovery obligations. On February 21, 2006, this Court entered a Judgment of default against Chang. (See Exhibit A).[2] This Judgment states:

> Pursuant to an Order entered on February 17th, 2006 by this

[1] Hasbro also originally sought an award of its reasonable attorneys' fees as an "exceptional case" under § 35(a) of the Lanham Act, 15 U.S.C. § 1117, but is not pursuing attorneys' fees for purposes of this motion. Hasbro reserves the right to pursue an award of attorneys' fees in the future if this motion is denied.
[2] All exhibits are attached to the accompanying Declaration of Sneha Desai.

> Court, default judgment hereby enters for Plaintiff Hasbro Inc. against Defendant David Chang. Further, Defendant Chang's counterclaims are hereby dismissed.

The Judgment does not specify any injunctive relief or monetary award to Hasbro.

Chang admitted at his deposition that his profits from selling the infringing Ghettopoly game were "[p]robably anywhere from 400 to 500,000." (See Exhibit B). His actual profits to date are undoubtedly far more, and Hasbro reserves the right to prove higher damages if an inquest is deemed necessary. Hasbro is willing, however, to limit its requested monetary relief to $400,000 in order to wrap the case up quickly and efficiently.

## ARGUMENT

Traditionally, under F.R.C.P. 59(e), "[m]otions to alter or amend judgment may be made for one of three reasons: (1) intervening change in controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct clear error of law or prevent manifest injustice." Maynard v. Veneman, 338 F. Supp. 2d 268, 270 (D. Puerto Rico 2004). Although this is not a traditional motion under Rule 59(e) in that Hasbro has no desire to change the substance of the relief granted, Hasbro does wish to prevent future "manifest injustice" due to the uncertainty of the actual relief awarded according to the Judgment.

Hasbro believes that implicit in the Court's Judgment is an award of the relief that Hasbro requested in its Complaint, i.e. a permanent injunction and monetary damages. However, based on the events that have transpired in this litigation, Hasbro anticipates that Chang will not voluntarily cooperate in providing Hasbro with the relief to which it is entitled. Chang currently resides in California, and Hasbro will likely have to enforce the Judgment before a California court. As a result, Hasbro respectfully seeks to amend the text of the Judgment to make it clear to any future Court that has to enforce the Judgment that Hasbro is entitled to specific injunctive relief and monetary damages.

Regarding the requested injunctive relief, which is central to Hasbro's claims of trademark and copyright infringement, Hasbro requests that the text of the Judgment be amended to state the following:

> David Chang is hereby permanently enjoined from manufacturing, reproducing, distributing, advertising, selling, or displaying the GHETTOPOLY game, any other products that use or display the GHETTOPOLY name or logo, and/or ghettopoly.com brand name and/or domain name, or any other product using a design or name likely to cause confusion as to source or origin with Hasbro's MONOPOLY® property trading game, including but not limited to the names Redneckopoly, Hiphopopoly, Hoodopoly, Thugopoly and Latinopoly.

Regarding the requested monetary relief, "[d]amages for copyright infringement include 'any profits of the infringer that are attributable to the infringement.'" John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 47 (1st Cir. 2003) (quoting 17 U.S.C. § 504(b)). In addition, "[a]n accounting of defendant's profits may be awarded in a trademark infringement action 'subject to the principles of equity.'" Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 35 (1st Cir. 2002) (quoting 15 U.S.C. § 1117(a)) (further holding that an award of profits is appropriate, in addition to an injunction, where the infringer has benefited from its infringement).

Hasbro is willing to accept a very conservative estimate of damages so as to avoid the possibly prolonged nature of a damages inquest. At his deposition, Chang testified under oath that his profits were "[p]robably anywhere from 400 to 500,000." (See Exhibit B). This figure was estimated as of August 2005 when his deposition was taken. Chang has continued to sell his GHETTOPOLY games through the present and has continued to make money from the infringing game; Hasbro's estimate of $400,000 is therefore quite conservative. Indeed, Chang

cannot object to a number that he himself testified was the lower end of his profits. Therefore, Hasbro requests that the text of the Judgment be amended to state the following:

> Judgment is hereby entered in favor of Hasbro, Inc. against David Chang in the amount of four hundred thousand dollars and zero cents ($400,000.00).

If this Court is unwilling to enter a monetary judgment of $400,000 against Chang based on his deposition testimony alone, Hasbro respectfully requests that the calculation of damages and other remedies be referred to Magistrate Judge Martin for a damages inquest so that an actual monetary amount of damages, if recommended by the Magistrate Judge and accepted by this Court, can be specified in the Judgment.

**CONCLUSION**

For the reasons stated above, Hasbro respectfully requests that the Judgment entered on February 21, 2006 be amended to reflect the issuance of a permanent injunction (as described above) and to reflect an award of monetary damages to Hasbro of $400,000 or an amount to be determined, if any, after a damages inquest.

Dated: March 7, 2006

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel:

Kim J. Landsman
Sneha Desai
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*(Appearing Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March 2006, a copy of the within Memorandum of Law in Support of Plaintiff's Motion to Amend the Judgment was served via first class mail, postage prepaid, on the following:

**DAVID CHANG**
**535 West Duarte Road**
**Unit 5**
**Arcadia, CA 91007**

Kathleen A. Yorney



1259991v2