UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC.,<br>Plaintiff,<br><br>v.<br><br>DAVID CHANG,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CA 03-482 T |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court is Plaintiff's Motion to Amend the Judgment to Provide for an Injunction and Monetary Relief (Document ("Doc.") #52) ("Motion" or "Motion to Amend"). By the Motion, Plaintiff Hasbro, Inc. ("Plaintiff" or "Hasbro"), seeks to amend the Judgment (Doc. #51) which was entered on February 17, 2006, in two respects. First, Hasbro requests that the text of the Judgment be amended to state the following:

> David Chang is hereby permanently enjoined from manufacturing, reproducing, distributing, advertising, selling, or displaying the GHETTOPOLY game, any other products that use or display the GHETTOPOLY name or logo, and/or ghettopoly.com brand name and/or domain name, or any other product using a design or name likely to cause confusion as to source or origin with Hasbro's MONOPOLY® property trading game, including but not limited to the names Redneckopoly, Hiphopopoly, Hoodopoly, Thugopoly and Latinopoly.

Memorandum of Law in Support of Plaintiff's Motion to Amend the Judgment to Provide for an Injunction and Monetary Relief ("Plaintiff's Mem.") at 4. Second, Hasbro requests that the text of the Judgment be further amended to state the following:

> Judgment is hereby entered in favor of Hasbro, Inc. against David Chang in the amount of four hundred thousand dollars and zero cents ($400,000.00).

Plaintiff's Mem. at 5.

The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant David Chang ("Chang") has not filed an objection to the Motion, and I find that no hearing is necessary. For the reasons stated herein, I recommend that the Motion to Amend be granted.

**Background**

Hasbro sued Chang in October 2003 for trademark infringement, copyright infringement, trademark dilution and tarnishment, and unfair competition based on Chang's manufacture and sale of his GHETTOPOLY games, an offensive and racist knock-off of Hasbro's popular MONOPOLY® game. See Complaint for Injunctive Relief for Violation of Sections 32 and 43 of the Lanham Act and Section 501 of the Copyright Act (Doc. #1) ("Complaint") ¶¶ 1, 16, 20-38; see also Plaintiff's Mem. at 2. Chang counterclaimed, seeking the cancellation of all trademark registrations owned by Hasbro for the term "MONOPOLY" for board games on the ground of genericness. See Answer with Affirmative Defenses and Counterclaim (Doc. #31) ("Answer") at 7-8.

On January 31, 2006, this Magistrate Judge issued a Report and Recommendation (Doc. #48), recommending that default judgment be entered against Chang and that his counterclaims be dismissed because of his repeated failures to provide discovery. Report and Recommendation of 1/31/06 at 25. In making this recommendation, I found that Chang had engaged in a deliberate pattern of delay and disregard of court procedures, id., and that no other sanction except default judgment would be effective in addressing his egregious violation of discovery obligations, see id. at 23.

Chang did not file an objection to the Report and Recommendation of 1/31/06, and it was accepted by Chief Judge

Ernest C. Torres on February 17, 2006. See Doc. #49. Judgment was entered that same date. See Judgment (Doc. #51).

**Discussion**

Hasbro's request for a permanent injunction requires little discussion. There is a factual basis for the issuance of an injunction. Hasbro has alleged that it has received numerous complaints from consumers who are offended by GHETTOPOLY and mistakenly believe that Hasbro is in some manner associated with the game. See Complaint ¶¶ 16-17, 22, 24. Hasbro has also alleged that Chang's unlawful acts have caused and are continuing to cause irreparable harm to Hasbro's business, goodwill, and reputation. See id. ¶ 25. Because default judgment has entered, these allegations are taken as true. See Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) ("[T]here is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its seven claims must be considered established as a matter of law."). In addition, injunctive relief was specifically requested by Hasbro in its Complaint, see Complaint at 10, and it was this Magistrate Judge's intent in "recommend[ing] that default judgment be entered against Chang as to Hasbro's claims ...," Report and Recommendation of 1/31/06 at 25, that Hasbro be granted injunctive relief, see id. at 22 (rejecting as inadequate a lesser sanction which would allow Chang to "continue to sell Ghettopoly and reap the profits therefrom."). Accordingly, I recommend that Hasbro's first request to amend the Judgment so that Hasbro is awarded a permanent injunction be granted.

Hasbro's second request raises the question of whether a damages hearing is required before the Court may award damages in the requested amount of $400,000.00. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)("While a

default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is ... susceptible of mathematical computation.")(quoting Flaks v. Koegel, 504 F.2d 702, 707 (2nd Cir. 1974))(alteration in original). "Following the entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations. For example, no evidentiary inquiry is necessary if the claim is for a 'sum certain.'" Id. (citing 10 Moore's Federal Practice ¶ 55.22[1] (2002)("In cases where the court has entered default judgment and the claim is for a sum certain, the court can enter the default judgment for the amount stated in the complaint."))(footnote omitted); see also Farm Family Mut. Ins. Co. v. Thorn Lumber Co., 501 S.E.2d 786, 790 (W. Va. 1998)(indicating that "if the damages sought by the party moving for a default judgment are for a sum certain, or an amount which can be rendered certain by calculation, no evidentiary hearing on damages is necessary").

> In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. See, e.g., Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co., 44 N.Y.2d 568, 406 N.Y.S.2d 743, 378 N.E.2d 106, 109 (1978)("The term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments."); see also Interstate Food Processing Corp. v. Pellerito Foods, Inc., 622 A.2d 1189, 1193 (Me. 1993)("Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.").

KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d at 19-20. Here the action is not based on a money judgment or negotiable instrument, and it does not appear that the damages can be determined without resort to extrinsic proof.

Nevertheless, the Court of Appeals for the First Circuit has also indicated that in limited circumstances district courts may dispense with a Fed. Rule Civ. P. 52(b)(2) hearing, even in the face of apparently unliquidated claims. Id. at 21 (citing HMG Prop. Investors, Inc. v. Parque Indus. Rio. Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988)(holding that district court, "intimately familiar with the case from years of travail," did not abuse discretion when it forwent hearing and calculated damages from "mortgage and loan agreements, certifications by the taxing authorities, and other documents of record")); see also Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2nd Cir. 1991) (holding that full evidentiary hearing is not required when court had been "inundated with affidavits, evidence, and oral presentations by opposing counsel"); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) (holding that district court did not abuse discretion by failing to hold hearing when amount claimed was "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"). After consideration, this Magistrate Judge concludes that the following circumstances are sufficient to bring this matter within the exception to the general rule.

"Damages for copyright infringement include 'any profits of the infringer that are attributable to the infringement.'" John G. Danielson, Inc. v. Winchester-Conant Props., Inc., 332 F.3d 26, 47 (1st Cir. 2003)(quoting 17 U.S.C. § 504(b)). In addition, "[a]n accounting of defendant's profits may be awarded in a trademark infringement action 'subject to the principles of equity.'" Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 35 (1st Cir. 2002)(quoting 15 U.S.C. § 1117(a)); see also id. (further holding that an award of profits is appropriate, in addition to an injunction, where the infringer has benefited from its infringement).

In this matter, the Court has already determined that Chang's repeated failures to produce requested documents has made "it difficult, if not impossible, for Hasbro to determine and verify Chang's profits from Ghettopoly." Report and Recommendation of 1/31/06 at 17. Having found that Chang has significantly prejudiced Hasbro's ability to prove his profits from sales of Ghettopoly, see id. at 17, 18, it makes little sense to require that Hasbro prove this amount at a damages hearing when Chang has effectively prevented Hasbro from doing so. Indeed, there is little reason to believe that Hasbro could offer anything more at a damages hearing than it has already offered in support of the instant Motion, namely Chang's own deposition testimony as to his profits. See Declaration of Sneha Desai in Support of Plaintiff's Motion to Amend the Judgment to Provide for an Injunction and Monetary Relief (Doc. #53) ("Desai Decl."), Exhibit ("Ex.") B (excerpt from Chang's 8/5/05 deposition). Given Chang's lack of good faith, see Report and Recommendation of 1/31/06 at 21, and the willfulness of his violations, see id. at 19, this Court sees nothing unfair in using his own words to determine the minimum amount of his profits and to base an award of damages on that figure.[1]

Chang testified at his deposition that he made anywhere from $400,000.00 to $500,000.00 from sales of his Ghettopoly game. See Deposition of David Chang (Doc. #44) ("Chang Dep.") at 225. In light of his other testimony, this estimate appears to have been very conservative. Chang testified that he sold about 50,000 games, see id., and that he began selling the games in March of 2003 for $27.95 each, see id. at 187-88. Approximately

[1] While a damages hearing would provide Chang with an opportunity to challenge the $400,000.00 figure, allowing him to do so would be unfair to Hasbro because his failure to provide discovery prevents Hasbro from testing the validity of such a challenge.

six months later he increased the price to $29.95, see Chang Dep. at 188, and about two to three months thereafter he increased the price again to $39.95, see id. at 189. He testified that his total cost per game was about $10.00. See id. at 194. Even using the lowest price of $27.95, Chang's profits would be close to $900,000.00 ($27.95 price per game - $10.00 cost per game = $17.95 profit per game x 50,000 games sold = $897,500.00).

Further evidence that Chang made substantial profits is reflected in the generous salaries which he paid members of his family for working in the business. For six months of work his sister received $100,000.00, and each of his parents received $60,000.00. See id. at 226-27. In fact, Chang testified that the sums paid to his sister and parents were "actually after taxes," id. at 227, apparently meaning that these were net amounts and that their gross salaries were even higher, see id.

Chang has also continued to sell GHETTOPOLY since being deposed on August 5, 2005. See Plaintiff's Mem. at 4; see also letter to Martin, M.J., from Techentin of 5/4/06 (stating that "Mr. Chang continues to sell his GHETTOPOLY games"). Thus, it is reasonable to conclude that his profits have increased since he provided the $400,000.00 to $500,000.00 estimate. All of these factors cause the Court to conclude that Hasbro's request for an award of $400,000.00 is eminently reasonable.

In sum, I find that no damages hearing is necessary as Hasbro's request for an award of $400,000.00 in monetary damages is amply supported by Chang's own deposition testimony and, if anything, represents considerably less than Chang's actual profits. See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). Accordingly, I recommend that Hasbro's second request to amend the Judgment be granted.

**Conclusion**

For the reasons stated above, I recommend that the Motion to Amend be granted and that the Judgment be amended in the two respects requested by Hasbro which are set forth in the single-spaced, double-indented paragraphs on page 1. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

DAVID L. MARTIN
United States Magistrate Judge
May 9, 2006