UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., Plaintiff, | : | |
| v. | : | CA 03-482 T |
| DAVID CHANG, Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court is Plaintiff's Motion for an Award of Costs (Document ("Doc.") #54) ("Motion" or "Motion for an Award of Costs"). By the Motion, Plaintiff Hasbro, Inc. ("Plaintiff" or "Hasbro"), seeks an award of costs in the above captioned matter. The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant David Chang ("Chang") has not filed an objection to the Motion, and I find that no hearing is necessary. For the reasons stated herein, I recommend that the Motion for an Award of Costs be granted to the extent that Hasbro be awarded costs in the amount of $3,497.25.

**Background**

Hasbro sued Chang in October 2003 for trademark infringement, copyright infringement, trademark dilution and tarnishment, and unfair competition based on Chang's manufacture and sale of his GHETTOPOLY games, an offensive and racist knock-off of Hasbro's popular MONOPOLY® game. See Complaint for Injunctive Relief for Violation of Sections 32 and 43 of the Lanham Act and Section 501 of the Copyright Act (Doc. #1) ("Complaint") ¶¶ 1, 16, 20-38; see also Plaintiff's Mem. at 2. Chang counterclaimed, seeking the cancellation of all trademark registrations owned by Hasbro for the term "MONOPOLY" for board

games on the ground of genericness. See Answer with Affirmative Defenses and Counterclaim (Doc. #31) ("Answer") at 7-8.

On January 31, 2006, this Magistrate Judge issued a Report and Recommendation (Doc. #48), recommending that default judgment be entered against Chang and that his counterclaims be dismissed because of his repeated failures to provide discovery. Report and Recommendation of 1/31/06 at 25. In making this recommendation, I found that Chang had engaged in a deliberate pattern of delay and disregard of court procedures, id., and that no other sanction except default judgment would be effective in addressing his egregious violation of discovery obligations, see id. at 23.

Chang did not file an objection to the Report and Recommendation of 1/31/06, and it was accepted by Chief Judge Ernest C. Torres on February 17, 2006. See Doc. #49. Judgment for Hasbro and against Chang was entered that same date. See Judgment (Doc. #51).

**Discussion**

Fed. R. Civ. P. 54(d)(1)[1] states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed. R. Civ. P. 54(d)(1). Hasbro requests that it be awarded costs of $4,857.60.

---

[1] Fed. R. Civ. P. 54(d) provides in relevant part:

> (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1).

See Memorandum of Law in Support of Plaintiff's Motion for an Award of Costs ("Plaintiff's Mem.") at 1. In support of this request, Hasbro has submitted a Declaration of Sneha Desai in Support of Plaintiff's Motion for an Award of Costs ("Desai Decl.") and a Bill of Costs (Doc. #55). The Bill of Costs reflects that Hasbro's request for an award of $4,857.60 is the sum of three fees: fees of the Clerk ($100.00), fees for service of the summons and subpoenas ($1,337.00), and fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ($3,420.60). See Bill of Costs at 1.

Addressing first the filing fee for the action, Hasbro is clearly entitled to this amount. Although Hasbro has mistakenly indicated that the filing fee was $100.00, the docket reflects that a filing fee of $150.00 was paid. Accordingly, I find that Hasbro is entitled to recover this $150.00 filing fee.

Considering next the fees sought for service of summons and subpoena, Hasbro has attached to its Bill of Costs five invoices which together total the requested amount of $1,337.00. These invoices are listed below:

| Service Provider | Invoice No. | Persons Served | Charge |
|---|---|---|---|
| Court Support, Inc. | 2005002831 | Adam Geyer | $261.00 |
| Court Support, Inc. | 2005003062 | Rolco, Inc.<br>Sierra Packaging Co. | $166.50<br>$166.50 |
| Court Support, Inc. | 2005003087 | Kamats & Wolfanger, PC | $148.00 |
| Court Support, Inc. | 2005003003 | Insight World Group<br>Express Productions | $185.00<br>$185.00 |
| Court Support, Inc. | 2005002758 | i.FULFILL.COM | $225.00 |
| | | TOTAL CHARGES: | $1,337.00 |

After reviewing the invoices and charges listed above, I find that Hasbro should be awarded the $1,337.00 it requests for service of the summons and subpoenas.

Lastly, the Court considers Hasbro's request for $3,420.60 for court reporter fees "for the only two depositions taken in the case: one of Defendant David Chang in Los Angeles, CA, and one of Adam Geyer, the artist who designed the Ghettopoly game." Desai Decl. ¶ 4. While the Court agrees that both depositions were necessary for Hasbro to prosecute its claims against Chang, see Report and Recommendation of 1/31/06 at 19 (stating that the Court read Chang's entire deposition), the $3,420.60 which Hasbro seeks includes $950.00 for videotaping and $460.35 for providing "realtime Rough ASCII/Transcript," Bill of Costs, Attachment 1 (Global Deposition Services, Inc., Invoice) at 1, of Chang's deposition. Although some courts have found that the cost of a videotaped deposition is recoverable even if the party also obtains a hard copy of the transcript, see, e.g., Pixion Inc. v. Placeware Inc., No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005); Garonzik v. Whitman Diner, 910 F.Supp. 167, 170 (D.N.J. 1995)(finding that expenses associated with videotaped depositions are taxable to prevailing parties under Fed. R. Civ. P. 54(d)), other courts have reached the opposite conclusion, at least where there is no explanation as to why it was necessary to videotape the deposition in addition to obtaining a stenographic transcript, see Rogers v. City of Chicago, No. 00 C 2227, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002)(denying request for costs resulting from videotaping plaintiff's deposition where defendant provided no explanation as to why it was necessary to videotape the deposition in addition to obtaining a stenographic transcript); In re: Paoli R.R. Yard PCB Litig., Nos. 86-2229 et al., 1999 WL 569435, at *8 (E.D. Pa. Aug. 2, 1999)("[W]ith respect to costs associated with videotape

deposition transcripts, federal courts in the Eastern District of Pennsylvania make a choice between taxing either costs associated with the videotaping or costs incurred in preparing a transcript."), partially vacated on other grounds, 221 F.3d 449 (3rd Cir. 2000); id. ("Courts generally do not allow recovery of costs for both a videotape and written transcript ....").

Here Hasbro has offered no explanation as to why it was necessary to videotape Chang's deposition. Accordingly, I find that the $950.00 cost associated with the videotaping of his deposition should not be allowed. Hasbro also has not explained why it was necessary to have a realtime transcript of Chang's deposition. Therefore, I find that the $460.35 cost for providing such a realtime transcript should not be allowed. See Rogers v. City of Chicago, 2002 WL 423723, at *3 (stating that "only those costs which were reasonable and necessary" are allowable). After disallowing these two expenses [which together total $1,410.35 ($950.00 + $460.35 = $1,410.35)], I find that Hasbro is entitled to $2,010.25 ($3,420.60 - $1,410.35 = $2,010.25) for court reporter fees.

In summary, I find that Hasbro should be awarded the $150.00 filing fee which it paid, the $1,337.00 which it paid for service of the summons and subpoenas, and $2,010.25 for court reporter fees or a total of $3,497.25 ($150.00 + $1,337.00 + $2,010.25 = $3,497.25). I so recommend.

**Conclusion**

For the reasons stated above, I recommend that the Motion for an Award of Costs be granted to the extent that Hasbro be awarded costs of $3,497.25. To the extent that Hasbro seeks costs greater than $3,497.25, I recommend that the Motion be denied.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk within ten (10) days of

its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 18, 2006

Accepted in the absence of an objection.
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
Date: 6/7/06